UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NATHAN HUMMEL,<br><br>Plaintiff,<br><br>v.<br><br>VICKI L. COOLEY and DONNA DAVIS,<br><br>Defendants. | CAUSE NO.: 3:18-CV-254-RLM-MGG |

## OPINION AND ORDER

Nathan Hummel, a prisoner without a lawyer, is suing the Clerk of the Starke Circuit Court and a court reporter for not properly transmitting transcripts of his guilty plea and sentencing hearing to the Court of Appeals of Indiana for his post-conviction appeal. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions by defendants acting under color of law

hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith*, 430 U.S. 817 (1977) did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original).

The absence of the two transcripts from the appellate record didn't prejudice Mr. Hummel's appeal. It was the lack of cogent arguments and citations to the record.[1] In his brief to the Court of Appeals of Indiana, Mr. Hummel raised one claim. "Hummel contends that his plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel." Hummel v. State, 2016 WL 4958264, *1; 63 N.E.3d 37 (Ind. Ct. App. 2016) (table). In affirming the denial of his post-conviction relief petition, the court explained:

> We agree with the State that Hummel has waived this issue for review on appeal for failure to present a cogent argument in support of his contentions. While Hummel sets out the applicable standard of review and cites case law relevant to his burden to prove ineffective assistance of counsel in general, he does not state with

---

[1] Though these transcripts were not sent to the Court of Appeals of Indiana, Mr. Hummel could have referenced them in his brief. During his post-conviction relief proceeding, Mr. Hummel submitted copies of them to the court and they were admitted into evidence. *See* PCR Transcript Volume 2 at 15-16, filed on paper in *Hummel v. Warden*, 3:17-CV-114 (N.D. Ind. filed February 6, 2017).

2

any specificity how his trial counsel's performance was allegedly deficient or direct us to any evidence in the record to support his bare contentions. For instance, in his brief on appeal, Hummel states that his trial counsel made "unprofessional errors," but he does not describe those alleged errors or direct us to any part of the record to support that allegation. And Hummel avers that his trial counsel did not "properly advise [him] on the offen[s]e of dealing in a narcotic" drug, but he does not explain what his trial counsel's advice was or how it was improper. Because of the lack of cogent argument and citation to the record or relevant authority, Hummel has waived his ineffective assistance of trial counsel claim for our review.

*Id.* (citations omitted and brackets in original).

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on May 24, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT